Ada L. Ferrell, Appellee, v. Southern Illinois Rail-
way & Power Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W.
LEWIS, Judge, presiding. Heard in this court at the October term,
1916. Affirmed. Opinion filed April 13, 1917.

Statement of the Case.

Action by Ada L. Ferrell, plaintiff, against the
Southern Illinois Railway & Power Company, defend-
ant, to recover damages for the obstruction to the
drainage of plaintiff's premises by reason of the con-
struction of defendant's railroad. From a judgment
for plaintiff for $300, defendant appeals.

WHITLEY & COMBE, for appellant; MARSH, STILWELL
& FINNEY, of counsel.

W. C. KANE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Ferrell v. Southern Illinois Ry. & Power Co., 206 Ill. App. 169.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 232*—*when amendment of declaration is not erroneous.* A motion for leave to amend a declaration rests in the sound discretion of the court, and the court's ruling thereon is not assignable as error unless the discretion has been abused.

2. CONTINUANCE, § 31*—*when granting of motion for is proper.* A motion for a continuance rests in the sound discretion of the court, and the court's ruling thereon is not assignable as error unless the discretion has been abused.

3. PLEADING, § 260*—*when amendment is germane to original declaration.* Where the original declaration charged that the defendant had by the construction of its railroad prevented the escape of waters naturally coming upon plaintiff's premises, and an amendment added the charge of diverting surface water out of the course of natural drainage and casting it upon plaintiff's premises, *held* that such amendment was germane to the original declaration, and the charges of negligence remained the same; the amendment added merely an additional element of injury.

4. CONTINUANCE, § 7*—*when surprise may not be claimed by motion to amend declaration.* Where defendant offered no objection to the admission of certain evidence on the part of the plaintiff as not admissible under the pleadings, *held* that defendant could not claim surprise by plaintiff's motion to amend the declaration by adding an additional charge as an element of injury from defendant's negligence charged in the declaration so as to authorize a continuance, especially when such motion was not made until plaintiff's evidence was nearly all in.

5. CONTINUANCE, § 51*—*when affidavit for on ground of absence of witness is insufficient.* Where, in support of defendant's motion for a continuance, defendant filed affidavit that a certain absent party would testify to certain facts to which substantially a witness on the part of defendant testified, and as to which many other witnesses on the part of defendant who appeared to have had opportunity of knowing such facts were not interrogated, *held* that no abuse of discretion was shown in denying such motion.

6. RAILROADS, § 350*—*when evidence sufficient to show negligence in obstruction of drainage.* Evidence *held* to sustain the charge of defendant railroad's negligence in obstructing the drainage of plaintiff's premises by the construction of an embankment in a street above grade.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ferrell v. Soũthern Illinois Ry. & Power Co., 206 Ill. App. 169.

7. RAILROADS, § 325*—*when railroad has duty to provide culverts, ditches and drains.* Where it becomes necessary for a railroad in the construction of its roadbed under a franchise from a city to raise the grade of a street of the city, and such change interferes with the surface drainage and diverts it from its usual and natural course, or obstructs the flow thereof to the injury of abutting property owners, such railroad has the duty to provide and maintain such culverts, ditches and drains as will permit the free passage of surface water in the usual and natural course of surface drainage.

8. RAILROADS, § 349*—*when effect of construction of sidewalk upon drainage is question for jury.* The effect of the construction of a certain sidewalk by plaintiff in front of her premises above the surface of her lot subsequent to the construction of defendant's railroad upon the drainage of said premises, *held* to be for the jury, in an action to recover damages for the claimed obstruction of such drainage by defendant's railroad.

9. RAILROADS, § 315*—*what is not excuse for negligence of railroad in raising grade of street and obstructing drainage.* The fact that a certain fill of land south of plaintiff's premises obstructed the free passage of surface water from such premises which was cast upon them by reason of defendant having raised the grade of the street in the construction of its railroad, and which would but for such raising of the grade have passed to the east of such premises in its usual and natural course, *held* no excuse for defendant's negligence in maintaining such grade without providing for the free passage of surface water and no release of defendant's liability in consequence of such negligence.

10. INSTRUCTIONS, § 151*—*when refusal proper.* It is not error to refuse instructions covered by those already given.

11. INSTRUCTIONS, § 126*—*when refusal proper because abstract in form.* It is not error to refuse an abstract instruction which is inapplicable to the case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.